**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| REYNA MARQUEZ GARCIA; ABIMAEL EMIGDIO MARQUEZ; CARLOS EMIGDIO MARQUEZ; JOSUE MARQUEZ GARCIA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-688 <br><br> Agency Nos. <br> A208-587-540 <br> A208-587-541 <br> A208-587-542 <br> A208-587-543 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2023[**]
Phoenix, Arizona

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.

Lead Petitioner Reyna Marquez Garcia; her adult son, Abimael Emigdio

Marquez; and her two minor children (collectively, "petitioners") petition for

review of a decision by the Board of Immigration Appeals ("BIA") adopting

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and affirming the immigration judge's ("IJ") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

The agency properly rejected petitioners' applications for asylum and withholding of removal.[1] Substantial evidence supports the agency's finding that petitioners did not demonstrate an objectively reasonable fear of future persecution because their claim is based only on generalized criminal violence in Mexico and fails to establish an individualized risk of harm. Petitioners did not establish an objectively reasonable fear of future persecution because they did not suffer mistreatment in Mexico, did not identify any specific groups or individuals that might harm them in the future, and acknowledged that their fear of future harm is based on generalized violence in Mexico. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) ("[T]o establish a well-founded fear, petitioner cannot simply prove that there exists a generalized or random possibility of persecution; she must show that she is at particular risk—that her predicament is appreciably different from the dangers faced by her fellow citizens.") (cleaned up and citation omitted).

**PETITION DENIED.**

---

[1] The IJ also denied petitioners' CAT claim, but petitioners did not challenge that determination before the BIA, nor do they challenge it in this court.